1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

| j2 Global Communications, Inc., | Case No.  09-3240 DDP (AJWx) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| Packetel, Inc., | |
| Defendant. | |

11
12
13
14

15    The parties to this action stipulate to, and seek entry of, the following

16  Protective Order:

17    1.    "Confidential" information is information that, in good faith, a party

18  believes to contain (a) proprietary or commercially sensitive information which is

19  not publicly known and which its owner would not reveal to others except in

20  confidence; (b) personal financial information; or (c) information that should

21  otherwise be subject to confidential treatment under the Federal Rules of Civil

22  Procedure.  If a person producing information under this Order (the "Producing

23  Person")  designates information as "Confidential," the designated information

24  shall be treated as Confidential unless successfully challenged under ¶ 11.  When

25  producing documents, the Producing Person shall mark each page containing

26  Confidential information as "Confidential."

27
28

KENYON & KENYON
LLP
SAN JOSE

2.     "Restricted Confidential" information shall be limited to information that, in good faith, a party believes to contain (a) current and past (to the extent they reflect on current) business planning and financial information; (b) trade secrets; (c) past or current company personnel or employee information; (d) source code; and (e) information concerning a party's sales or the design, structure or workings of a party's products or systems which would, if it became known to other parties, harm the competitive position of its owner.  If a Producing Person designates information as Restricted Confidential under this Order, the designated information shall be treated as Restricted Confidential unless successfully challenged under ¶ 11.  When producing documents, the Producing Person shall mark each page containing Restricted Confidential information as "Restricted Confidential."

3.     Any Producing Person, whether or not a party to this action, may designate information as Confidential or Restricted Confidential under this Order.

4.     When a document is designated as Confidential or Restricted Confidential, the designation includes not only the document so designated, but also any information derived from that document, and any copies, excerpts, summaries, or compilations thereof.

5.     A person receiving information under this Order (the "Receiving Person") shall use Confidential or Restricted Confidential information (together, "Protected Information") only to conduct this litigation or any other litigation involving Packetel, Inc. and j2 Global Communications, Inc.

6.     By receiving information under this Order, all Receiving Persons agree to be subject to the jurisdiction of this Court concerning their use of Protected Information.   All receiving persons other than attorneys, their staff, and independent companies engaged by outside litigation counsel to perform litigation support service, shall sign an acknowledgment in the form attached hereto as Exhibit A, indicating that they have read and understood the terms of this Order and

1    agree to submit to the jurisdiction of the Central District of California for

2    enforcement of this Order.  Counsel for each party shall maintain all original

3    acknowledgments, and will produce the same to the opposing party when so

4    ordered by the Court.

5          7.     A Receiving Person may disclose Restricted Confidential information

6    only to the following:

7        a. outside litigation counsel retained by a party in this action or in any

8           other litigation involving Packetel, Inc. and j2 Global Communications,

9           Inc., including attorneys, their staff, and independent companies engaged

10          by outside litigation counsel to perform litigation support services;

11       b. independent experts or consultants retained by outside litigation

12          counsel;

13       c. any person giving testimony in this action at deposition, trial or

14          hearing witnesses, but only if the person giving testimony is the creator,

15          author or recipient of the Restricted Confidential information, provided

16          that such persons may not retain any documents containing Restricted

17          Confidential information provided to them at such deposition, trial or

18          hearing;

19       d. the Court, its personnel and any court reporters involved in taking or

20          transcribing testimony in this action; and

21       e. any other person by written agreement of the parties or by order of the

22          Court.

23   Any person who receives Restricted Confidential information is prohibited from

24   prosecuting, preparing, or having any substantive involvement with any patent

25   application on behalf of any party to this action relating to e-mail to fax or fax to e-

26   mail services, products, systems, or methods.

27         8.     A Receiving Person may disclose Confidential information only to the

28   following:

a.  persons listed in ¶ 7; and

b.  any person giving testimony in this action at deposition, trial or hearing witnesses, but only for purposes of reasonable, material, and relevant testimony or preparation of such testimony in the litigation, provided that such persons may not retain any documents containing Protected Information; and

c.  employees of the Receiving Person to whom disclosure is reasonably necessary for the management, supervision, or oversight of the litigation.

9.      Before a Receiving Person can share Protected Information received from another party in the litigation with an independent expert or consultant under ¶ 7.b, the Receiving Person shall provide the Producing Person written notice of its intention, which shall include the proposed expert's curriculum vitae as well as a list of any previous or current relationship with any party to this action.  If the Producing Person objects to the disclosure, it must send a written objection, including a detailed explanation of its objection, that is received within ten business days after the Producing Person's receipt of the written notice.  Absent a timely written objection, the Receiving Person may share Protected Information with the independent expert.  If the Producing Person makes a timely written objection, the Receiving Person shall not share Protected Information with the independent expert until the objection is resolved by agreement or by the Court.  If the parties cannot resolve this dispute, they may proceed under the Local Rules addressing discovery disputes, with the Producing Person bearing the burden of filing a motion and establishing good cause to support its objection.  A producing party shall not seek discovery with respect to a consultant or other non-testifying expert of a party who was disclosed as a result of this paragraph regarding any information, opinions or documents developed, identified and/or obtained as result of, or in the course of, the engagement or consultation by a party, absent a Court order pursuant to a motion made by the producing party.

1      10.    If not so designated in the transcript, deposition testimony shall be

2  deemed Restricted Confidential until thirty days following the reporter's

3  distribution of the final transcript.  During those thirty days, a Producing Person

4  may designate portions of the transcript under ¶ 1 or ¶ 2 by sending written

5  designations to all parties to this action.

6      11.    If a Receiving Person disagrees with a designation of information

7  under ¶ 1 or ¶ 2, it shall provide the Producing Person written notice of its

8  challenge.  If the parties cannot resolve this dispute, they may proceed under the

9  Local Rules addressing discovery disputes, with the Producing Person bearing the

10  burden of filing a motion and showing that the information is Confidential or

11  Restricted Confidential.  If the parties are not able to resolve the dispute, and the

12  Producing Person does not file a motion for Protective Order within thirty (30) days

13  of receipt of written notice, the information shall lose its designation of

14  Confidential or Restricted Confidential.   Failure to challenge a designation

15  immediately does not waive a Receiving Person's ability to bring a later challenge.

16      12.    Source code designated "Restricted Confidential" and produced in

17  electronic form shall be maintained in the sole custody and control of the Producing

18  Person and shall be maintained, respectively, at the Los Angeles office of outside

19  counsel for Packetel (with respect to source code produced by Packetel) and at the

20  New York office of outside counsel for j2 (with respect to source code produced by

21  j2).  The Parties may vary the location by mutual agreement.  The source code shall

22  be made accessible to outside counsel for the Receiving Person and their

23  independent experts or consultants who are actively assisting in the litigation during

24  normal business hours upon five (5) days advance notice of the review.

25          (a)    The Producing Person shall make its source code available in

26      electronic form—if it exists in such form -on a stand-alone, i.e., non-

27      networked, standard personal computer with Microsoft Windows operating

28      system installed in accordance with its standard installation processes.  In the

1  event that the source code to be produced does not exist in electronic form,

2  the Producing Person shall so certify in writing and will meet and confer in

3  good faith to make arrangements for the mutually-convenient review of such

4  code consistent with the other provisions of this paragraph, to the extent

5  possible.

6    (b)   The Producing Person shall provide a dedicated, stand-alone

7  printer connected to the computer used for source code review, and it shall be

8  loaded with paper bearing pre-printed production control numbering.  The

9  Receiving Party's outside counsel and/or independent experts or consultants

10  may print excerpts of the Restricted Source Code that they in good faith

11  consider to be relevant to the claim or defense of any party and only to the

12  extent necessary to perform his or her responsibilities in connection with the

13  action.  No more than 500 pages of hard copies of source code may be

14  printed, absent consent by the Producing Person (which consent shall not be

15  unreasonably withheld).  The originals of any printouts shall be provided to

16  counsel for the Producing Person on that same day.  The Producing Person's

17  counsel shall deliver copies of the printouts to the Receiving Person's outside

18  counsel within two (2) business days.  The printouts of source code excerpts

19  are to be maintained at all times in a secure location at the offices of outside

20  counsel for the Receiving Person and may be reviewed by experts,

21  consultants, and outside counsel only at outside counsel's offices.  The

22  printouts or any of the information contained in the hard copies shall not be

23  converted into an electronic format, without the express consent of the

24  Producing Person, which consent shall not be unreasonably withheld.

25    (c)   The Receiving Person's outside counsel and/or independent

26  experts or consultants shall be permitted to save, to a file on the hard drive of

27  the stand-alone computer used for source code review, excerpts of the

28  Producing Person's source code for storage or future potential printing.  Such

1    file(s) shall be preserved by the Producing Person until the conclusion of the

2    Action.

3         (d)      In the event that the Receiving Person's outside counsel and/or

4    independent experts or consultants requests that any source code analytical

5    software be installed on the computer to be used for source code review, the

6    Receiving Person's outside counsel shall notify the Producing Person's

7    counsel and provide a copy of the source code analytical software to be

8    installed.  The Producing Person shall install such source code analytical

9    software within three (3) business days of the Receiving Person's request.  If

10   the Producing Person objects to the installation of the requested source code

11   analytical software requested and provided by the Receiving Person, the

12   burden shall be on the Producing Person to promptly meet and confer and, if

13   the issue cannot be resolved, to seek relief from the Court.  Further, if the

14   Receiving Person's outside counsel and/or independent experts or consultants

15   desires such analytical software to be installed or configured in a particular

16   manner, counsel for the Receiving Person shall provide instructions to the

17   Producing Person and the Producing Person shall make every reasonable

18   effort to comply with the Receiving Person's request.  By way of example,

19   such source code analytical software may include (but will not be limited to)

20   text editors, such as Emacs, Unix utilities, such as Grep, environments such

21   as Visual Studio and Cygwyn, and multi-file text search tools, Visual Slick

22   Edit, Source-Navigator, PowerGrep and ExamDiff Pro, or similar programs.

23        (e)      All source code shall be produced for review in its native format

24   and shall be in a form that is fully searchable, if possible.  In the event that

25   the native format of the source code is not searchable, the Receiving Person

26   may elect whether to initially receive the code in native form or searchable

27   form, with the Receiving Person reserving the right to subsequently request

28   the production of relevant portions of code in both native and searchable

KENYON & KENYON
LLP
SAN JOSE

1    formats, which request shall not be unreasonably denied.  If the source code

2    does not exist in searchable form, the Producing Person shall provide a

3    written explanation and will meet and confer in good faith to reach a

4    reasonable accommodation for the efficient review of such code consistent

5    with the other provisions of this paragraph, to the extent possible.

6         (f)    No source code produced pursuant to this Paragraph 12 shall be

7    redacted, password protected, deleted, modified or otherwise concealed or

8    withheld from review by the Receiving Person's outside counsel and/or

9    independent experts or consultants.

10   13. If a Producing Person inadvertently fails to designate material as

11   Protected Information at the time of production, it shall notify all Receiving

12   Persons of its failure as soon as possible after discovery.  The Producing Person

13   shall promptly supply all Receiving Persons with new copies of any documents

14   bearing corrected confidentiality designations.

15   14.    Any discovery documents produced in this litigation may be later

16   designated as "Attorney Client Privileged" or "Attorney Work Product" promptly

17   upon discovery by the Producing Person that any such privileged or immune

18   document was produced through inadvertence, mistake, or other error, and no

19   waiver of privilege or immunity shall be deemed to have occurred.  Upon such

20   designation, the Receiving Person promptly shall make best efforts to collect all

21   copies of the documents and return them to the Producing Person.

22   15.    In the event that any Protected Information is used in any proceeding

23   in connection with this litigation, it shall not lose its Confidential or Restricted

24   Confidential status through such use, and the parties shall take all steps reasonably

25   required to protect its confidentiality during such use.

26   16.    To the extent that any Confidential or Restricted Confidential

27   information subject to this Protective Order (or any pleading, motion, or

28   memorandum referring to them) is proposed to be filed or is filed with the Court,

those materials and papers, or any portion thereof which discloses Confidential or Restricted Confidential information, shall be presented to the judge (by the filing party) accompanied by an application to file under seal in accordance with the procedures set forth in Local Rule 79-5.1 and shall be marked "CONFIDENTIAL INFORMATION FILED UNDER SEAL" on the outside of the sealing envelopes; such application shall be directed to the judge to whom the papers are directed. Pending a ruling on the application submitted in accordance with Local Rule 79-5.1, the papers or portions thereof subject to the application shall be lodged under seal.  However, only those portions of filings containing Confidential or Restricted Confidential information shall be filed under seal.  The filing party shall also file with the Court for regular filing a redacted version of any filing submitted under Local Rule 79-5.1 in which any Confidential and/or Restricted Confidential information shall be redacted.

17.    Nothing in this Order precludes any person from disclosing or using in any manner its own information, or information not obtained under this Order, even if the same information is also produced under this Order.

18.    Nothing in this Order precludes any person from showing a document containing Protected Information to an individual who prepared or received the document, or from disclosing Protected Information to an officer, director or testifying corporate designee of the Producing Person.

19.    No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Rule 26(c) and Local Rules 37-1 through 37-4.

20.    The Parties acknowledge and agree that nothing in this protective order is intended to be construed inconsistently with the rights and obligations of the Parties under Local Rules 37-1 through 37-4 governing cooperation during

KENYON & KENYON
LLP
SAN JOSE

CASE NO. CV-09-3240 DDP (AJWX)          - 9 -          [PROPOSED] PROTECTIVE ORDER

1   discovery, and that, in the event of any inconsistency, the procedures defined by the

2   Local Rules shall govern.  If the Parties wish to file the Joint Stipulation (or

3   portions thereof) required by Local Rule 37-2 under seal, the Parties may file a

4   separate stipulation to that effect, or the moving party may file an *ex parte*

5   application making the appropriate request.  The Parties acknowledge and agree

6   that the stipulation or *ex parte* application must demonstrate good cause as to why

7   the Joint Stipulation or portions thereof should be filed under seal.

8        21.    Within sixty days of the termination of all litigation between the

9   parties, all Protected Information shall be destroyed or returned to the Producing

10  Person, except that outside litigation counsel of record for each party may, in

11  accordance with the access restrictions of this Order, maintain in its files one copy

12  of each deposition, hearing and/or trial transcript and any exhibits thereto, each

13  document filed with or presented to the Court (which also may include copies of the

14  foregoing items), any correspondence transmitted between outside counsel for the

15  parties to this action, and any memoranda, notes or other attorney work product

16  even if it contains Protected Information.

17       So **ORDERED AND SIGNED** this _1st____ day of __June, 2010.

18                                            /s/
                                    _____
19                                  HON. ANDREW J. WISTRICH
                                    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**<u>CERTIFICATE OF COMPLIANCE</u>**

I, _____ (print name), declare as follows:

I certify that I have received a copy of the Stipulated Protective Order ("Order") in the matter captioned <u>j2 Global Communications, Inc. v. Packetel, Inc.</u> United States District Court for the Central District of California, Case No. CV-09-3240 DDP (AJWx), which governs the production and use of Protected Information in this case.  I have read and understand the Order.  I hereby acknowledge that I am bound by the Order, and I agree to abide by it.  I further understand that the Protected Information many only be used in strict accordance with the terms of the Order and then only for the prosecution and defense of this litigation.

I further acknowledge that I may be held responsible for any failure on my part to comply with the provisions of the Order, and I agree to subject myself to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the Order.

I hereby declare under penalty of perjury that the foregoing is true and correct.


_____
(Signature)

_____
(Print Name)

KENYON & KENYON
LLP
SAN JOSE

CASE NO. CV-09-3240 DDP (AJWx)          - 11 -          [PROPOSED] PROTECTIVE ORDER